UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

GENERAL JURISDICTION DIVISION
CASE NO.   01-3271-CIV-MORENO

CAROLYN BURROUGHS, as Personal
Representative of the Estate of decedent,
Zhivago Evans, and on behalf of
YOLANDA EVANS, survivor, and
PAULA SWAIN, as Personal Representative
of the Estate and survivor of Decedent,
ALEX JAMES,

           Plaintiffs,

vs.

CITY OF HIALEAH, a Florida municipal corporation,
Officers JOHN RODE, individually and in his official capacity,
UBALDO DEL TORO, individually and in his official capacity,
BARBARO HERNANDEZ, individually and in his official capacity,
ROBERT LANIER, individually and in his official capacity,
GUILLERMO PEREZ, individually and in his official capacity, and
HUMBERTO VALDEZ, individually and in his official capacity,

           Defendants.
_____/

**PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMEN; RULE 56(F) MOTION RE: SUMMARY JUDGMENT PROCEEDINGS**

Plaintiffs, CAROLYN BURROUGHS ("BURROUGHS"), as Personal Representative of the Estate of the deceased, Zhivago Evans and on behalf of the survivor, Yolanda Evans, and PAULA SWAIN ("SWAIN"), as Personal Representative of the Estate and survivor of Decedent, Alex James (hereinafter "Plaintiffs"), pursuant to move this honorable Court to deny without prejudice the summary judgment motions at bar, abate the proceedings, or in the alternative to extend the time in which Plaintiffs

must respond to the motions until experts can be retained and documents reviewed. As grounds[1], Plaintiffs state the following:

## I. INTRODUCTION AND FACTS

1. This matter was removed to this Court by the defendant City and on or about July 8, 2001, the City answered the Complaint. On August 15, 2001, the Court issued a Scheduling Order, which included cutoff dates for summary judgment motions and discovery. Due to the voluminous discovery anticipated by the parties, the parties requested a six (6) to nine (9) month extension of all cutoff dates, including those relating to motions, expert reports and discovery in the Joint Scheduling Report. None of the parties have conducted any formal discovery.

2. Federal Rule of Civil Procedure, Rule 56(f) provides specifically for the relief sought herein. Courts have constantly held that Rule 65(f) motions for continuance or abatement should be granted almost as a matter course where substantial discovery has not been completed.

3. The discovery period does not end until February 8, 2002. Due to the voluminous discovery anticipated by the parties, the parties requested a six (6) to nine (9) month extension of all cutoff dates, including those relating to motions, expert reports and discovery in the Joint Scheduling Report. None of the parties have conducted any formal discovery.

4. Nearly all, if not all of the issues raised in the Motions raise complex evidentiary questions requiring full discovery. At this time, discovery is not nearly complete. Discovery has not been completed for many reasons, including the fact that undersigned

---

[1] December 8, 2001 Plaintiffs filed a Motion to Extend Deadline for Response to Motions for Summary Judgment and Renewed Request (prior request pending) to Extend Discovery Cutoff Date and Other Deadlines. The Court has not yet ruled on that motion. Said motion is attached and is incorporated herein as Exhibit "A" for reference.

counsel has not yet been able to coordinate with Plaintiffs' experts but previously had set aside time in January 2002 to conference with experts and set aside time to review the voluminous documents the defendant City as indicated it would make voluntarily available. Additionally, Francisco Forest Martin, an expert in international human rights law, is assisting Plaintiffs in this matter. He has been out of the country teaching as a professor during the fall semester and has not been available for consultation regarding discovery issues.

5. Based upon the foregoing, Plaintiffs are entirely unable to respond to these Motions at this time.

6. Further, all parties previously agreed that discovery needed to be extended and requested such in the Joint Scheduling Report.[2]

7. There is no reason to address the issues in the motions for summary judgment at this time.

8. If Plaintiffs were compelled to respond to the Motions at this time, Plaintiffs' counsel would be unable to address discovery issues in the case and the progress of the case would be severely hampered. Plaintiffs would assert that these Defendants, with their infinite resources, submitted these motions prematurely, to gain such an unjust tactical advantage. In all interests of justice, the Motions should be abated and the motion to extend discovery should be granted. In the alternative, Plaintiffs should have time to meet with their experts and file responses to the pending motions.

WHEREFORE, Plaintiffs, CAROLYN BURROUGHS ("BURROUGHS"), as Personal Representative of the Estate of the deceased, Zhivago Evans and on behalf of

---

[2] Defendants have known of Plaintiffs' intent to review the documents available and then initiate discovery for the purpose of conducting directed and limited discovery, which would be not overly burdensome on the Defendants.

the survivor, Yolanda Evans, and PAULA SWAIN ("SWAIN"), as Personal Representative of the Estate and survivor of Decedent, Alex James, move this honorable Court to abate the summary judgment proceedings currently at issue or, in the alternative, to extend the time in which Plaintiffs must respond to the motions until the end of February 2002.

## II. MEMORANDUM OF LAW

Plaintiffs, in this motion, respectfully request that the Court allow them to conduct discovery before responding to the Defendants' copious and complex motions for summary judgment. Federal Rule of Civil Procedure, Rule 56(f) provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery. _Alabama Farm Bureau Mut. Casualty Co. v. American Fidelity Life Ins. Co._, 606 F.2d 602 (5th Cir. 1979). _cert. denied_, 449 U.S. 820, 101 S. Ct. 77, 66 L. Ed. 2d 22 (1980).

Rule 56(f) motions are granted "'almost as a matter of course' unless 'the nonmoving party has not diligently pursued discovery of evidence.' _Wichita Falls Office Assocs. v. Banc One Corp._, 978 F.2d 915, 919 n. 4 (5th Cir. 1992)[further cites omitted]. 'Summary judgment is especially inappropriate where the material sought is also the subject of outstanding discovery requests.' _Visa Int'l Serv. Ass'n v. Bankcard Holders of Am._, 784 F.2d 1472, 1475 (9th

Cir. 1986)." <u>Western Duplicating, Inc. v. Riso Karaku Corp.</u>, 2000 U.S. Dist. LEXIS 17398 p. 4 (E.D. Cal. 2000).

Here, Defendants moved for summary judgment on complex evidentiary issues. None of these issues can be fully addressed until the deposition of the witnesses can be taken. Plaintiffs have not taken these depositions as the parties agreed to request an enlargement of the time for discovery. Plaintiffs intend to take these depositions in February 2002.

Undersigned counsel has not yet been able to coordinate with Plaintiffs' experts. Counsel had set aside time in January 2002 to conference with experts and to review the voluminous documents the defendant City as indicated it would make voluntarily available.

Undersigned counsel is currently handling this matter alone. Undersigned counsel erred in not following up on the status of the joint request for an extension of the dates contained in the in the Scheduling Order. Counsel was unable to comply with a dates in this Court's original order and apologizes for any inconvenience caused to the Court. Counsel's inability to comply with the original cutoff dates in the Scheduling Order was Plaintiffs' basis for the joint request for the six (6) to nine (9) month extension of all cutoff dates was made in the Joint Scheduling Report.

### III. CONCLUSION

Clearly, without closely examining the fatal shooting of Alex James and Zhivago Evans by Hialeah police officers and then taking depositions on these issues, Plaintiffs are in no position to submit evidence to oppose the Motions and request that the motions

be abated and Plaintiffs' be permitted to conduct discovery.

WHEREFORE, Plaintiffs, CAROLYN BURROUGHS ("BURROUGHS"), as Personal Representative of the Estate of the deceased, Zhivago Evans and on behalf of the survivor, Yolanda Evans, and PAULA SWAIN ("SWAIN"), as Personal Representative of the Estate and survivor of Decedent, Alex James, move this honorable Court to deny without prejudice the summary judgment motions at bar, abate the proceedings or in the alternative to extend the time in which Plaintiffs must respond to the motions until the end of February 2002.

DATED this 19th day of December, 2001.

                        Respectfully submitted,

                        NORKIN & DRUCKER, PPA
                        Attorneys for Plaintiff
                        44 W. Flagler Street, Suite 400
                        Miami, Florida 33130
                        Telephone: (305) 374-8919
                        Facsimile: (305) 374-9499
                        Florida Bar No. 0056431

                        By: _____
                              Jonathan M. Drucker, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to: Akerman, Senterfitt & Eidson, P.A., One Southeast Third Avenue, 28th Floor, Miami, Florida 33131 and the City of Hialeah, c/o the City's Attorney's Office 501 Palm Avenue, Hialeah, Florida 33010 on this 19th day of December, 2001.

                        By: _____
                              Jonathan M. Drucker, Esq.